UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

JESSICA KLEIN and ELLASTINA GOSEIN, on behalf of themselves, individually, and on behalf of all others similarly-situated,

Plaintiffs,

-against-

AIRE ANCIENT BATHS UES LLC, and ACQUA ANCIEN BATH NEW YORK LLC,

Defendants.

---------------------------------------------------------------X

Civil Case No.: 26-cv-3879

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

**CLASS AND COLLECTIVE ACTION**

Plaintiffs JESSICA KLEIN and ELLASTINA GOSEIN ("Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated ("FLSA Collective Members"), by and through their attorneys, STEVENSON MARINO LLP, as and for their Complaint against AIRE ANCIENT BATHS UES LLC and ACQUA ANCIEN BATH NEW YORK LLC (collectively "AIRE" or "Defendants"), allege upon personal knowledge as to themselves and their own actions, and upon information and belief as to all other matters

## NATURE OF THE CASE

1. Plaintiffs bring this action for Defendants' violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; (ii) the overtime provisions of the New York Labor Law ("NYLL") §§ 160, 650 et seq., and New York Comp. Codes R. & Regs ("NYCRR") Tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's

whistleblower protection law, NYLL § 740, as to Plaintiffs individually; and (vi) any other cause(s) of action that can be inferred from the facts set forth herein.

**PRELIMINARY STATEMENT**

2. Defendants are distinct corporate entities that together operate as a single commercial chain and enterprise known as Aire Ancient Baths, a spa and hospitality business in New York City that provides massage therapy services, water treatments, and food and beverage service to its patrons at multiple locations.

3. Despite presenting itself as a wellness establishment dedicated to care and relaxation, Defendants systematically violated the wage-and-hour rights of its Massage Therapy Supervisors, including Plaintiffs Klein and Gosein, by classifying them as non-exempt employees yet deeming them ineligible for overtime compensation while simultaneously requiring them to confirm the hours and time they spent performing massage therapy services as if they were hourly workers and indeed paying them hourly for their massage work, denying them overtime pay for hours worked beyond forty per week.

4. Defendants compounded these violations by failing to furnish Plaintiffs with accurate wage notices upon hire as required by NYLL § 195(1) and failing to provide accurate wage statements on each payday as required by NYLL § 195(3), thereby depriving Plaintiffs of critical information regarding their pay rates, hours worked, and entitlement to overtime compensation.

5. When Plaintiffs separately raised concerns about Defendants' unlawful wage practices and unsafe workplace conditions, Defendants responded not with investigation or remediation, but with swift retaliation.

6. The immediate temporal proximity between each Plaintiff's protected complaints and termination establishes Defendants' retaliatory motive and willful violation of NYLL § 740's whistleblower protections.

7. Defendants' unlawful practices were not confined to these two individuals but formed a systemic pattern affecting an entire class of Massage Therapy Supervisors and therapists employed at Defendants' facilities, warranting class and collective action treatment under FRCP 23 and FLSA § 216(b).

8. Plaintiffs bring their unpaid wage claims on behalf of themselves, individually, and on behalf of a collective of similarly situated individuals pursuant to the FLSA.

9. Plaintiffs Klein and Gosein brings their NYLL § 740 claims on behalf of themselves, individually.

## **JURISDICTION AND VENUE**

10. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising out of New York law.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## **PARTIES**

### ***Plaintiff Jessica Klein***

12. Plaintiff Klein is an individual who, at all times relevant to this Complaint, was and is a resident of New York.

13. Plaintiff Klein was employed by Defendants as a Massage Therapist Supervisor at Defendants' Upper East Side ("UES") location from in or around mid-April 2025 to December 23, 2025.

14. At all relevant times herein, Plaintiff Klein was a "person" and an "employee" of Defendants within the meaning of the FLSA, NYLL, NYCRR, and WTPA.

***Plaintiff Ellastina Gosein***

15. Plaintiff Gosein is an individual who, at all times relevant to this Complaint, was and is a resident of New York.

16. Plaintiff Gosein was employed by Defendants as a Massage Therapist Supervisor from in or around February 2025 to January 23, 2026.

17. At all relevant times herein, Plaintiff Gosein was a "person" and an "employee" of Defendants within the meaning of the FLSA, NYLL, NYCRR, and WTPA.

***Defendants Aire Ancient Baths UES LLC***

18. At all relevant times herein, Defendant Aire Ancient Baths UES LLC was and is a domestic limited liability company, with its principal place of business located at 88 Franklin Street, New York, New York 10013.

19. At all relevant times herein, Defendant Acqua Ancien Bath New York LLC was and is a domestic limited liability company, with its principal place of business located at 88 Franklin Street, New York, New York 10013.

20. Defendants, though nominally distinct entities, operate a single integrated enterprise and joint employer.

21. That is, as a single enterprise and/or joint employer of Plaintiffs, Defendants controlled the economic realities of each of the other Defendant, including controlling all terms

and conditions of Plaintiffs' and all others similarly situated individuals' employment, specifically with respect to hiring, firing, scheduling, maintaining employment records, and determining their rates of pay and administering their pay. Specifically, all documentation relating to Plaintiffs are maintained in Defendants' shared corporate offices, and Defendants exercises joint and mutual control over all Plaintiffs' work schedules by assigning or reassigning staff to work at different locations nominally owned by one of the two Defendant entities, thereby controlling the economic realities of their employment.

22. Moreover, both Defendants are owned, operated, and managed by the same ownership, and both jointly and mutually operate under the AIRE trade name, operating spa and hospitality facilities in New York City, including locations in TriBeCa and the Upper East Side, which offer massage therapy services, water treatments, and food and beverage service for purchase to patrons.

23. At all relevant times herein, Defendants were "persons" and "employers" of Plaintiffs within the meaning of the FLSA, NYLL, NYCRR, and WTPA. Additionally, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as Defendants' qualifying annual business exceeds $500,000.00, employed two or more persons, Defendants provided spa services and food and beverage service that required the purchase and use of supplies and equipment that originated out of state, and accepted payment from patrons through credit card payments based on banking agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees who worked for Defendants at any New York locations as Massage Therapist Supervisors and/or similar positions during the applicable FLSA limitations period, who were paid hourly for their massage work and who consent to file claims to recover damages for: (1) overtime compensation that is legally due to them; and/or (2) liquidated damages that are legally due to them ("FLSA Plaintiffs").

25. Defendants treated Plaintiffs and all FLSA Plaintiffs similarly, in that Plaintiffs and all FLSA Plaintiffs: (1) held the same or similar positions as Massage Therapist Supervisors; (2) were paid in part on a salary basis and in part by the hour; (3) were classified by Defendants as ineligible for overtime compensation; (4) were not required to clock in and out each workday; (5) regularly worked in excess of forty hours per workweek; and (6) were not paid at the rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

26. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose not to do so.

27. Defendants' willful violation of the FLSA is evidenced by their classification of Plaintiffs and all FLSA Plaintiffs as "ineligible for overtime compensation" despite classifying them as "non-exempt" in their offer letters, and despite not meeting the criteria for any exemption from the FLSA's overtime requirements by failing to pay them a salary, and by its requirement

that Plaintiffs and all FLSA Plaintiffs confirm the hours/time they spent performing management services in and out despite their purported status as ineligible for overtime, demonstrating Defendants' knowledge of the hours they worked.

28. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

29. In addition, Plaintiffs Klein and Gosein seek to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on their own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

25. Plaintiffs Klein and Gosein seek certification of the following FRCP 23 class:

> Current and former employees who worked for Defendants within the State of New York during the statutory period ("Rule 23 Plaintiffs").

### Numerosity & Ascertainability

30. During the applicable NYLL limitations period, Defendants have employed at least forty to one hundred employees that are putative members of this class.

31. The precise number of the Rule 23 Plaintiffs is readily ascertainable through a review of Defendants' personnel, time, and payroll records.

### Common Questions of Law and/or Fact

32. There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each

Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether Defendants failed to pay Rule 23 Plaintiffs overtime compensation of one and one-half their regular rates of pay for all hours worked in excess of forty hours in a week; (5) whether Defendants classified Rule 23 Plaintiffs as ineligible for overtime compensation despite requiring them to track their massage therapy time; (6) whether Defendants furnished Rule 23 Plaintiffs with accurate wage notices upon hire containing the information required by N.Y. Lab. Law § 195(1); (7) whether Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (8) whether Defendants kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (9) whether Defendants kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (10) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (11) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (12) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

33. As described in the "Background Facts" section above, Defendants employed Plaintiffs Klein and Gosein and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiffs Klein and Gosein's claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendants as Massage Therapist Supervisors and/or similar salaried positions in New York; Defendants paid them on a salary basis while classifying them as ineligible for overtime compensation; Defendants required them to keep track of their massage therapy time; Defendants did not pay them overtime compensation of one

and one-half times their regular rates of pay for all hours worked in a week over forty; Defendants did not furnish them with accurate wage notices upon hire as required by N.Y. Lab. Law § 195(1); and Defendants did not provide them with accurate wage statements on each payday as required by N.Y. Lab. Law § 195(3).

34. Plaintiffs Klein and Gosein and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty hours, to be furnished with accurate wage notices upon hire, and to be furnished with accurate wage statements on each payday. Plaintiffs Klein and Gosein and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs Klein and Gosein and the Rule 23 Plaintiffs all have suffered injury including lack of compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs Klein and Gosein's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

35. Plaintiffs Klein and Gosein, as described above, worked the same or similar positions and hours as the Rule 23 Plaintiffs throughout their employment with Defendants. Defendants paid Plaintiffs Klein and Gosein on a salary basis while classifying them as ineligible for overtime compensation, required them to keep track of their massage therapy time, did not pay Plaintiffs Klein and Gosein overtime for all hours worked over forty hours in a week, did not furnish Plaintiffs Klein and Gosein with accurate wage notices upon hire, and did not furnish Plaintiffs Klein and Gosein with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.

36. Plaintiffs Klein and Gosein fully anticipate providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiffs Klein and Gosein will properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

37. Additionally, Plaintiffs' counsel has substantial experience in the field of employment law, particularly in wage-and-hour class and collective actions. Plaintiffs' counsel has handled numerous employment cases in federal district courts, including Rule 23 class actions and FLSA collective actions. Accordingly, Plaintiffs' counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel.

Superiority

38. A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender.

39. Plaintiffs Klein and Gosein have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs Klein and Gosein identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

40. Any lawsuit brought by a Massage Therapist Supervisor or similar salaried employee of Defendants would be identical to a suit brought by any other such employee for the same violations. Thus, separate litigation would risk inconsistent results.

41. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

***Employment Structure and Defendants' Business Operations***

42. Defendants jointly operate spa and hospitality facilities at two locations in Manhattan: 88 Franklin Street in TriBeCa, and a second location at 305 E. 61st Street in the Upper East Side.

43. At both locations, Defendants provide spa services to patrons, including massage therapy, water treatments, and related wellness services.

44. As part of its operations, Defendants also serve food and beverages for purchase to its customers at its spa facilities.

45. Because Defendants provide food and beverage service to their patrons, they are subject to the hospitality industry wage order under 12 NYCRR Part 146.

46. Specifically, under 12 NYCRR § 146-3.1(b), the hospitality industry wage order applies to any establishment that provides food or beverage service, which includes Defendants' operations.

47. Within its massage therapy operations, Defendants employed Massage Therapist Supervisors who were responsible for supervising licensed massage therapists, scheduling and assigning massage appointments, performing massages, training new hires, and handling administrative tasks.

48. Defendants hired Plaintiff Klein as a Massage Therapist Supervisor in or around February 2025, assigning them to work at the UES location.

49. Defendants hired Plaintiff Gosein as a Massage Therapist Supervisor in or around February 2025, assigning her to work at the Upper East Side location before transferring her to the TriBeCa location.

50. Defendants paid both Plaintiffs Klein and Gosein at varying rates, depending on what duties they performed, paying them on an hourly basis when performing massage therapy services, and paying them a weekly salary for other work.

***Defendants Classifies Plaintiffs as Ineligible for Overtime***

51. Despite classifying Plaintiffs Klein and Gosein as non-exempt employees who received hourly pay for their massage therapy work, Defendants explicitly designated both Plaintiffs as “ineligible for overtime compensation.”

52. However, Defendants simultaneously required both Plaintiffs to keep track of their hours spent performing massage therapy services each week, just as it required hourly employees to do.

53. This requirement to track their massage time demonstrates that Defendants tracked the hours Plaintiffs worked while on-site and was aware when they worked in excess of forty hours per week.

54. Plaintiffs Klein and Gosein regularly worked more than forty hours per week throughout their employment.

55. On-site, Plaintiffs worked a minimum of forty hours per week performing massage therapy duties, supervisory duties, and other tasks which included scheduling and assigning massage appointments to therapists, handling customer complaints, and managing daily operations.

56. In addition to their on-site work, Plaintiffs regularly worked an additional four to five hours per week from home responding to messages and inquiries from massage therapists who could not reach their managers.

57. Plaintiffs frequently worked before the start of their shifts and continued working after the end of their shifts, and rarely left work on time.

58. Plaintiffs Klein and Gosein both worked an average of 45-50 hours per week, virtually every week of their employment

59. Despite working well over forty hours per week, Defendants never paid Plaintiffs any overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty per week.

60. Defendants further required Plaintiffs to perform numerous non-exempt duties, including performing massages for commission, covering shifts for absent therapists, unpacking delivery trucks, stocking inventory, and setting up massage rooms.

61. These duties involved manual labor and direct client service work that are quintessentially non-exempt in nature and incompatible with any claim of exempt status under the FLSA or NYLL.

62. At the start of Plaintiffs' employment, Defendants failed to furnish Plaintiffs with accurate wage notices upon hire containing the information required by NYLL § 195(1), including accurate information regarding their eligibility for overtime compensation, and their actual regular and overtime rates of pay.

63. Similarly, throughout Plaintiffs' employment, Defendants failed to furnish Plaintiffs with accurate wage statements on each payday containing the information required by

NYLL § 195(3), including accurate information regarding hours worked and overtime compensation owed.

64. Plaintiffs Klein and Gosein suffered concrete injuries in fact due to Defendants' failure to provide them with timely and accurate wage statements on each pay day or a timely and accurate wage notice upon hire because, lacking any real documentation from Defendants that confirmed their eligibility for overtime pay, and that showed their true hours and pay, they felt unable to meaningfully advocate for themselves and others due to the lack of accurate information provided to them during each pay period.

65. If Plaintiffs' paystubs accurately reflected the actual hours they worked and had worked, and if they would have been made aware upon hire what they was entitled to be paid for all hours before and after their on-the-clock shifts, and at time and one-half their regular rates of pay for all hours over forty, Plaintiffs would have been able to advocate for themselves and for their coworkers to be paid higher wages during their employment, exactly as Plaintiffs did when confronted with Defendants' other unlawful practices relating to unsafe working conditions and other more obvious labor violations, resulting in their unlawful retaliatory terminations -- just as they are now doing through this action upon independently learning of their rights to be paid overtime.

66. Indeed, because Plaintiffs were not aware that they should have received compensation for the work before and after their shifts, and that they should have received overtime compensation for all hours over forty, Plaintiffs waited more than a year before raising their wage complaints against Defendants, causing them to lose the time-value of the money they should have earned if they were accurately appraised of their total hours worked each week without receiving pay for all of those hours at the correct rates.

***Dangerous HVAC Conditions Lead to Whistleblower Retaliation Against Klein***

67. In addition to unfair wage practices, throughout their tenure at Aire's Upper East Side facility, Plaintiff Klein observed and escalated serious safety hazards that posed health risks to staff and clients.

68. On October 2, 2025, Plaintiff Klein sent a detailed email complaint to management regarding the broken dehumidifier unit "DHU-4" located in the product room. This large ceiling-mounted machine, which acted as a dehumidifier and HVAC unit for the jet bath area, had been broken and inoperable since Plaintiff Klein began working at Aire.

69. The broken unit continuously dripped water onto the floor and products below, creating conditions ripe for Legionnaire's disease and significant mold growth. Humidity levels in the jet bath area consistently exceeded 90 percent, with no fresh air circulation in areas where employees worked. Despite maintenance staff working to contain the water damage, Defendants failed to repair or remove the hazardous equipment.

70. These October 2025 complaints followed earlier protected activity. During summer 2025, Plaintiff Klein had escalated workplace bullying incidents to upper management with contemporaneous email documentation.

71. Defendants maintained a culture of punishing employees who raised legitimate safety concerns. Specifically: (a) Billie Jovanovic was disciplined after reporting concerns about the health and safety of licensed massage therapists; (b) Quay Tarver was warned against filing OSHA complaints; and (c) Mike Zackschweski was explicitly terminated after raising safety concerns. Other coworkers discussed potential class action litigation due to this ongoing pattern of retaliation.

72. On December 15, 2025, at a team meeting, a bullying victim became verbally agitated during the gathering. During that meeting, Defendants' Operations Manager mentioned Plaintiff Klein by name in connection with the bullying matter, an incident that Plaintiff Klein had in fact escalated to upper management months earlier with email documentation.

73. On December 18, 2025, management attempted to issue Plaintiff Klein a written warning falsely accusing them of failing to escalate the bullying matter. This accusation was demonstrably false, as Plaintiff Klein had brought the issue to upper management's attention on three separate occasions with contemporaneous email evidence. Plaintiff Klein refused to sign the warning. Management ultimately withdrew it after HR discovered Plaintiff Klein's earlier escalation emails, which the prior HR person, who had since been fired, had apparently failed to catalog.

74. Defendants' retaliation thereafter immediately worsened after other safety issues arose.

75. On December 19, 2025, a fire alarm was triggered at Defendants' facility, ultimately determined to be a false alarm, which shut down all HVAC and air circulation systems in the bathhouse *entirely*. With no circulating air in an environment where humidity levels routinely exceeded 90 percent, Plaintiff Klein used the facility's walkie-talkie system to announce the safety concerns and inform staff of the dangerous conditions.

76. In response to the ventilation failure, other staff members began taping black tape over the flashing fire alarm sensors. Plaintiff Klein refused to participate in this activity, explicitly citing OSHA concerns about covering safety equipment.

77. Defendants' retaliation was immediate. Managers Mayvany Bong ("May") and Dimitra pulled Plaintiff Klein into an office, called their behavior "unacceptable," and demanded

that they stop warning staff about the unsafe conditions. Plaintiff Klein responded: "I have every right as the supervisor on duty to let my coworkers know the situation." When Plaintiff Klein refused to work in the unventilated bathhouse area but offered to work outside the bath area for the remainder of their shift, management sent them home.

78. Recognizing the retaliation in real time, Plaintiff Klein sent a contemporaneous email to HR on December 19, 2025, documenting the HVAC failure, the confrontation with May and Dimitra, and management's characterization of their safety advocacy as creating "chaos." In that email, Plaintiff Klein explicitly stated: "I expect a retaliation of some sort against me."

79. Plaintiff Klein also documented that staff were taping black tape over fire alarm sensors and noted their research confirming this constituted an OSHA violation.

80. On December 23, 2025, just four days after Plaintiff Klein's protected safety advocacy, and the first day on which management returned to the Spa after their complaint, Defendants terminated Plaintiff Klein's employment. In a meeting with the Director, HR Coordinator Allie Brown, and Operations Manager Eric Duran, Plaintiff Klein was told: "given the events, this is a hard decision, but we're going to terminate your position."

81. Klein's complaints about unsafe working conditions, about being overworked and denied compensation for expanded job duties, and about unsafe working conditions involving the HVAC shutdown during active client treatment sessions constituted protected activity under NYLL § 740.

82. Klein's objections to Defendants' threatened wage withholding and their email complaint to HR specifically identified violations of New York laws and workplace safety concerns, both of which fall squarely within the protections afforded by NYLL § 740.

83. Defendants provided no legitimate business reason for Klein's termination and offered no explanation beyond these statements.

84. Klein's termination occurred on the very next business day when management returned to the workplace after Klein's written complaint to HR regarding Defendants' unlawful and unsafe working conditions.

85. Despite Eric Duran's role as Operations Manager and his announcement of Klein's termination to all staff, he was not consulted before the termination decision was made.

86. Specifically, coworkers informed Klein through text messages that Eric told them: "she didn't even run it by me at all" and "I had no idea" about Klein's termination.

87. Multiple massage therapists and coworkers sent messages to Klein expressing shock at their termination and documenting the retaliatory nature of Defendants' actions.

88. The temporal proximity between Klein's protected complaint and their termination on the same day establishes a clear causal connection demonstrating Defendants' retaliatory motive.

***Plaintiff Gosein Similarly Complains and Faces Similar Retaliation***

89. In or around May 2025, Gosein complained to management about being required to perform massages beyond the supervisory scope for which she had been hired, noting that management was calling therapists off and allowing appointments to be booked despite not having available therapists, then assigning those massages to her.

90. In or around November 2025, after a weekend of multiple therapist call-outs resulting in appointment cancellations, Robert Badalov criticized Gosein for not personally covering the absent therapists' shifts to save the company money.

91. Following this criticism, Gosein spoke to HR representative Allie Brown, expressing that she felt overworked and taken advantage of because she was always expected to do more work than her counterparts.

92. During this November 2025 conversation with HR, Gosein specifically requested compensation for taking on the trainer position, explaining that management had assigned her these duties after firing the previous trainer.

93. Gosein asked Brown whether she should be bringing complaints about her superiors to HR rather than addressing them directly with those superiors.

94. At that moment, General Manager Marta Bueno walked into the office, and Brown went silent.

95. When Gosein later raised the compensation issue with Marta, Marta told her she would have to wait until July to be considered for any pay increase. HR never followed up on Gosein’s complaint or request for additional compensation.

96. On Friday, January 23, 2026, when Defendants were forced to close its TriBeCa location due to a building issue, Gosein was present at the staff meeting where General Manager Marta Bueno asked for volunteers to travel to work at the Upper East Side location.

97. When no therapists volunteered, Marta stated: “If no one volunteers I will choose and if you refuse you will not get paid,” despite the staff coming to work that day and being expected to stay for at least 4 hours to perform “training” work.

98. Gosein objected, stating: “You can’t do that?”

99. Marta responded: “YES I CAN.”

100. Shortly after this public exchange, Marta pulled Gosein into a conference room and reprimanded her for questioning Marta’s directive in front of the therapists.

101. Gosein explained to Marta that she could not lawfully tell therapists they would not be paid for refusing to travel to a different location.

102. Marta insisted that because the company was losing money and the doors were closed, the threat was justified.

103. Immediately after this meeting, Gosein sent a written email complaint to HR representative Allie Brown, stating that she did not think Marta and Robert were handling the situation properly and requesting a video call because she did not feel comfortable discussing the matter in the office.

104. That same day, Defendants retaliated by terminating her employment. Marta and Robert called Plaintiff Gosein into Marta's office and told Plaintiff Gosein" we are going to part ways" because despite her status as a "manager," she was "too much with the therapists" – an obvious reference to Plaintiff Gosein's objection to Defendants' unlawful threat to withhold wages the day prior, and Gosein's complaint immediately thereafter.

105. Gosein's complaints about unlawful threats to withhold wages, and about management's improper handling of the building closure and workplace safety concerns constituted protected activity under NYLL § 740.

106. Gosein's objections to Defendants' threatened wage withholding and her email complaint to HR specifically identified violations of New York laws, both of which fall squarely within the protections afforded by NYLL § 740.

107. Defendants terminated Plaintiff Gosein in direct retaliation for her protected activity, abjectly violating NYLL § 740.

108. Defendants provided no legitimate business reason for Gosein's termination and offered no explanation beyond these statements.

109. Gosein's termination occurred within one hour of her written complaint to HR regarding Defendants' improper handling of the building closure, unlawful threat to withhold wages from therapists, and workplace safety concerns.

110. The temporal proximity between Gosein's protected complaint and her termination on the same day establishes a clear causal connection demonstrating Defendants' retaliatory motive.

111. Both Plaintiffs' terminations followed an identical pattern: each complained to HR about Defendants' unlawful wage practices and workplace safety violations, and each was terminated the same day as their protected complaints.

112. The immediate temporal proximity between each Plaintiff's protected activity and termination, combined with the use of virtually identical pretextual statements by the same managers in both termination meetings, demonstrates Defendants' deliberate and willful retaliation in violation of NYLL § 740.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Unpaid Overtime under the FLSA*

*(On Behalf of Plaintiffs and FLSA Plaintiffs)*

113. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

114. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

115. As described above, Defendants are "employers" within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

116. Plaintiffs and FLSA Plaintiffs regularly worked in excess of forty hours per week throughout their employment with Defendants, yet Defendants failed to compensate Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

117. Defendants willfully violated the FLSA, in that Defendants explicitly classified Plaintiffs and FLSA Plaintiffs as non-exempt yet deemed them "ineligible for overtime compensation" despite having full knowledge that they performed non-exempt duties, required them to tracking their massage therapy hours, paid them in part on an hourly basis, and was aware they regularly worked well in excess of forty hours per week.

118. Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

119. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Unpaid Overtime under the NYLL and the NYCRR*

*(On Behalf of Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action)*

120. Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

121. N.Y. Lab. Law § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

122. Because Defendants operate a hospitality establishment that serves food and beverages to patrons, Defendants are subject to the hospitality industry wage order under 12 NYCRR Part 146, and the regular rate for Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any

FLSA Plaintiff who opts-into this action must be calculated in accordance with 12 NYCRR § 146-3.5(b), which sets forth the method for calculating the regular rate when an employer fails to pay its employees on an hourly basis.

123. Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are "employees" within the meaning of the NYLL and the NYCRR.

124. Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

125. Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

126. Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL's and NYCRR's overtime provisions pursuant to N.Y. Lab. Law § 198.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS

*Failure to Furnish Proper Wage Notice in Violation of NYLL § 195(1)*
*(On Behalf of Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action)*

127. Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

128. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

129. As described above, Defendants are "employers" within the meaning of the NYLL, while Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are "employees" within the meaning of the NYLL.

130. As also described above, Defendants failed to furnish Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action with accurate wage notices at hire that contained all of the criteria required under the NYLL, specifically failing to include accurate information regarding their regular hourly rate of pay, overtime rate of pay, and eligibility for overtime compensation.

131. As a result of Defendants' failure to provide accurate wage notices, Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action suffered informational injuries and concrete injuries-in-fact as they were misled about their overtime eligibility and compensation structure, preventing them from advocating for proper wages and understanding their rights under New York law.

132. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS

*Failure to Furnish Proper Wage Statements in Violation of NYLL § 195(3)*
*(On Behalf of Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action)*

133. Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

134. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

135. As described above, Defendants are "employers" within the meaning of the NYLL, while Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are "employees" within the meaning of the NYLL.

136. As also described above, Defendants, on each payday, failed to furnish Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action with accurate wage statements containing all of the criteria required under the NYLL, specifically failing to include accurate information regarding total hours worked, overtime hours worked, overtime rate of pay, and accurate gross wages earned.

137. As a result of Defendants' failure to provide accurate wage statements on each payday, Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action suffered informational injuries and concrete injuries-in-fact, as they could not ascertain whether they were being paid correctly, could not track unpaid overtime compensation owed to them, and were prevented from advocating for themselves and their statutory wage rights.

138. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs Klein and Gosein, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Retaliation in Violation of NYLL § 740 (Klein)*
*(On Behalf of Plaintiff Klein Individually)*

139. Plaintiff Klein repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

140. New York Labor Law § 740 prohibits employers from taking retaliatory action against an employee because such employee discloses, or threatens to disclose to a supervisor or to a public body an activity, policy, or practice of the employer that is in violation of law, rule, or regulation which violation creates and presents a substantial and specific danger to the public health or safety.

141. As set forth above, Defendants retaliated against Plaintiff Klein for engaging in protected activity by reporting significant violations of laws and regulations.

142. Specifically, Plaintiff Klein disclosed to management workplace safety violations, including the shutdown of the HVAC system while massage therapists were scheduled to perform services in treatment rooms, creating unsafe working conditions for both therapists and clients.

143. Plaintiff Klein held a good faith belief that these violations existed and violated laws and regulations relating to workplace and massage parlor safety, based on their witnessing of the HVAC shutdown during active client service sessions.

144. Defendants terminated Plaintiff Klein's employment on December 23, 2025, within one business day after management's return to the job after Klein's written complaint to HR regarding these violations, demonstrating clear temporal proximity and establishing a direct causal connection between Klein's protected disclosures and their termination.

145. Defendants' retaliatory actions against Plaintiff Klein violated NYLL § 740.

146. As a direct and proximate result of Defendants' conduct in violation of NYLL § 740, Plaintiff Klein has suffered, and continues to suffer, damages including, but not limited to, lost past and future wages, compensation, and benefits, emotional distress, and harm to their professional reputation.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Retaliation in Violation of NYLL § 740 (Gosein)*

*(On Behalf of Plaintiff Gosein Individually)*

147. Plaintiff Gosein repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

148. New York Labor Law § 740 prohibits employers from taking retaliatory action against an employee because such employee discloses, or threatens to disclose to a supervisor or to a public body an activity, policy, or practice of the employer that is in violation of law, rule, or regulation which violation creates and presents a substantial and specific danger to the public health or safety.

149. As set forth above, Defendants retaliated against Plaintiff Gosein for engaging in protected activity by reporting significant violations of laws and regulations.

150. Specifically, Defendants terminated Plaintiff Gosein's employment after she disclosed to supervisors Marta Bueno and Robert Badalov and to HR representative Allie Brown violations of NYLL wage laws, including Defendants' threat to unlawfully withhold wages from massage therapists who refused to travel to a different work location, failure to pay overtime compensation, and failure to compensate Gosein for mandatory training duties assigned without additional pay.

151. Plaintiff Gosein also disclosed to management workplace safety violations, including the shutdown of the HVAC system while massage therapists were scheduled to perform services in treatment rooms and management's failure to communicate hazardous working conditions to staff, creating unsafe working conditions for both therapists and clients.

152. These violations created and presented a substantial and specific danger to public health and safety, as wage law violations cause economic harm to workers and safety violations

create physical danger to massage therapists and clients receiving services in treatment rooms without proper ventilation.

153. Plaintiff Gosein held a good faith belief that these violations existed based on her direct observation of management's threats to withhold wages, her personal experience being denied overtime pay despite working over forty hours per week, being assigned expanded training duties without compensation despite repeated requests for additional pay, and her witnessing of management's improper handling of the building closure and workplace safety concerns.

154. Defendants terminated Plaintiff Gosein's employment on January 23, 2026, in under one hour after her written complaint to HR regarding these violations, demonstrating clear temporal proximity and establishing a direct causal connection between Gosein's protected disclosures and her termination.

155. Defendants' retaliatory actions against Plaintiff Gosein violated NYLL § 740.

156. As a direct and proximate result of Defendants' conduct in violation of NYLL § 740, Plaintiff Gosein has suffered, and continues to suffer, damages including, but not limited to, lost past and future wages, compensation, and benefits, emotional distress, and harm to her professional reputation.

## DEMAND FOR A JURY TRIAL

157. Pursuant to FRCP 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Klein and Gosein, FLSA Plaintiffs, and Rule 23 Plaintiffs respectfully demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned laws;

b. Preliminary and permanent injunctions against Defendants, and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with the Defendants, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any further retaliation against Plaintiffs Klein and Gosein, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiffs Klein and Gosein and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. Designation of Plaintiffs Klein and Gosein and their counsel as class/collective action representatives under the FRCP and the FLSA;

g. An award of damages for all unpaid overtime compensation due and owing to Plaintiffs Klein and Gosein and similarly situated employees, plus liquidated damages, interest, and attorneys' fees and costs as provided for under the FLSA and NYLL;

h. An award for failure to provide wage notices upon hire as required by NYLL § 195(1);

i. An award for failure to provide wage statements as required by NYLL § 195(3);

j. An award of compensatory damages for Defendants' retaliatory conduct against Plaintiffs Klein and Gosein individually as provided for under NYLL § 740, including lost past and future wages, compensation, statutory penalties, and benefits;

k. An award of damages for emotional distress suffered by Plaintiffs Klein and Gosein as a result of Defendants' retaliatory terminations;

l. Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless and/or intentional conduct;

m. An award to the Plaintiffs for the costs and disbursements of this action, as well as their reasonable attorneys' fees, expert fees, and other costs;

n. Pre-judgment and post-judgment interest, as provided by law; and

o. Granting Plaintiffs Klein and Gosein, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Date: Deer Park, New York
May 11, 2026

Respectfully submitted,

**STEVENSON MARINO LLP**

By: ________________________

MICHAEL R. MINKOFF, ESQ.
2000 Deer Park Avenue
Deer Park, NY 11729

*Attorneys for Plaintiffs and Putative Collective and Class*