**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Jessica Klein, et al.,**<br><br>**Plaintiffs,**<br><br>**-against-**<br><br>**Aire Ancient Baths UES LLC, et al.,**<br><br>**Defendants.** | **1:26-cv-03879 (SDA)**<br><br>**<u>ORDER</u>** |

**STEWART D. AARON, United States Magistrate Judge:**

This case contains one or more claims arising under the Fair Labor Standards Act. The parties advised the Court on September 9, 2026, that they reached a settlement during private mediation. (*See* Status Report, ECF No. 16.) On September 10, 2026, the Court entered an Order directing the parties to file the proposed settlement and a joint memorandum of law explaining why the settlement is fair, reasonable and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). (*See* 9/10/26 Order, ECF No. 17.) The parties thereafter consented to have all proceedings held before the undersigned. (Notice, ECF No. 19.)

On September 24, 2026, the parties filed a consent letter motion for settlement approval. (Consent Motion, ECF No. 20.) On September 25, 2026, the parties filed the fully executed Settlement Agreement. (Settlement Agreement, ECF No. 21.) Having reviewed the proposed settlement, the Court finds that it is fair and reasonable, given both the nature and scope of Plaintiffs' claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Moreover, the settlement does not implicate any other *Cheeks* concerns, such as overbroad releases or restrictive confidentiality provisions. *See Cheeks*, 796 F.3d at 206.

As part of the settlement, Plaintiffs seek approval of $405.00 in costs and $13,761.66 in attorney's fees, which is one-third of the settlement amount after costs. (*See* Consent Motion at 7.) "The fairness review required by *Cheeks* 'extends to the reasonableness of attorney's fees and costs.'" *Almanzar v. Silver Star Properties Corp.*, No. 23-CV-00819 (GWG), 2023 WL 6979460, at *2 (S.D.N.Y. Oct. 24, 2023) (quoting *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020)).

The Court finds that the requested attorney's fees of the law firm Stevenson Marino LLP ("Stevenson Marino") are reasonable. "As an initial matter, courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Vargas v. Pier 59 Studios L.P.*, No. 18-CV-10357 (VSB), 2021 WL 6066088, at *2 (S.D.N.Y. Nov. 4, 2021) (citing cases). A cross check using the lodestar method confirms the apparent reasonableness of the requested amount. Counsel for Plaintiffs has submitted adequate documents supporting the fee request, which show a lodestar of $21,840.00. (*See* Billing Records, ECF No. 20-2.) Although the lodestar is based on an hourly rate of $650.00, which is above what is generally awarded in this District,[1] *see Reilly v. The City of New York*, 23-CV-00521 (AS), 2026 WL 2225165, at *3 (S.D.N.Y. Aug. 3, 2026) (citing *Vargas Garcia v. Park*, No. 18-CV-10650 (KNF), 2019 WL 6117596, at *4 (S.D.N.Y. Nov. 18, 2019) ("[H]ourly rates of $600 or more for attorneys handling FLSA-related actions in this judicial district are uncommon, and are at the higher side of the range of hourly rates approved by courts in this judicial district.")), even a lower hourly rate would result in a lodestar that would support the

[1] The Court notes that courts recently have awarded another partner at Stevenson Marino an hourly rate of $400. *See Ortega v. Frozen Deli & Grocery Inc.*, No. 24-CV-01231 (JLR) (SLC), 2024 WL 4751732, at *12 (S.D.N.Y. Oct. 22, 2024), *report and recommendation adopted*, 2024 WL 4859055 (S.D.N.Y. Nov. 21, 2024); *Castillo v. Chapines LLC*, No. 22-CV-00203 (LDH) (SJB), 2024 WL 1452324, at *10 (E.D.N.Y. Feb. 16, 2024). Attorney Minkoff, the only attorney working on this case for Plaintiffs, has been awarded slightly lower rates in recent cases. *See Albim v. 1656 Wireless Inc.*, No. 23-CV-01732 (DG) (RML), 2025 WL 2791384, at *12 (E.D.N.Y. Sept. 8, 2025) (awarding Attorney Minkoff hourly rate of $350).

requested fee amount. *See Reilly*, 2026 WL 2225165, at *3 (citing *Johnson v. Brennan*, No. 10-CV-04712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)). ("Courts regularly award lodestar multipliers from two to six times lodestar.")). The Court also is mindful that the fee request is part of a complete settlement agreement. *See Fisher*, 948 F.3d at 602. Thus, having considered the tasks engaged in by counsel and degree of success obtained, the Court finds that the requested fees are reasonable. *See Fisher*, 948 F.3d at 607. Accordingly, the Court approves the requested attorney's fees. The Court also finds the requested costs to be reasonable. Plaintiffs' attorneys seek costs of $405 in filing fees, which is a cost that is "routinely recoverable in litigation[.]" *Puerto v. Happy Life Home Health Agency Inc.*, No. 23-CV-04915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023) (internal quotation marks and citation omitted).

For these reasons, the Court approves the settlement. This action is dismissed with prejudice and without costs except as may be stated in the Settlement Agreement. The Court will retain jurisdiction to enforce the Settlement Agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated: New York, New York
September 28, 2026

Stewart d. Aaron
______________________________
STEWART D. AARON
United States Magistrate Judge